Alonzo P. Richards *vs.* John Tolman.

Franklin.    Opinion February 23, 1923.

*A defective and insufficient declaration should be taken advantage of by a demurrer;
however, if a nonsuit has been ordered it will not be set aside inasmuch as a
judgment upon such defective declaration could not be sustained.    There-
fore exceptions to an order of nonsuit, under such circumstances,
the plaintiff suffering no injury, must be overruled.*

All the necessary allegations in an action of deceit must not only be set out in the
declaration but must be affirmatively proved.

On exceptions.    This is an action for deceit to recover damages
alleged to have been suffered by plaintiff by reason of alleged mis-
representations made by defendant to plaintiff in the purchase of
some hay by plaintiff of another party.

After the plaintiff had completed his testimony and rested, counsel
for the defendant moved for a nonsuit on the ground that the declara-
tion did not set out a legal cause of action, which motion was granted
and plaintiff excepted.    Exceptions overruled.

The case is stated in the opinion.

*Sumner P. Mills*, for plaintiff.

*Frank W. Butler*, for defendant.

Sitting:   Cornish, C. J., Spear, Philbrook, Dunn, Wilson,
Deasy, JJ.

Philbrook, J.    After the plaintiff had offered all his testimony,
and rested, the defendant presented a motion for an order of nonsuit.
The motion was granted, nonsuit ordered, and to this order plaintiff
excepted.

The action is for deceit.    The necessary allegations in a declara-
tion charging deceit are so well established and have been so recently

stated by this court in *Crossman* v. *Bacon & Robinson Company*, 119 Maine, 105, that repetition here is unnecessary. Every such allegation must not only be made but must also be affirmatively proved.

The declaration does not contain all the allegations essential to the maintenance of an action for deceit nor, if those allegations had appeared, would the testimony support all such allegations.

The proper way to take advantage of a declaration which does not set out any legal cause of action is by demurrer. But when a nonsuit has been ordered in such case the court will refuse to set it aside on the ground of convenience, it being clear that the plaintiff cannot sustain a judgment upon such defective declaration. There being no legal cause of action exhibited by the plaintiff's declaration, he has suffered no injury by the order of nonsuit and therefore has no cause for exceptions.

*Exceptions overruled.*